**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROSILYND HILLARY GENSLER,  :

        Plaintiff,  :

       v.  :       Civil Action No. 13-5244 (MAS) (DEA)

UNION CARBIDE CORPORATION,  :      **MEMORANDUM ORDER**

        Defendant.  :

This matter comes before the Court upon Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") Rule 12(c). (Def.'s Mot., ECF No. 3.) The Court has carefully reviewed the motion papers and the Complaint and finds that the Complaint must be dismissed as the action has been brought out of time.

Plaintiff brings this action individually and as Executrix of the Estate of the late Joel I. Gensler ("Decedent"). The Decedent perished on January 13, 2009 and was survived by the Plaintiff. Plaintiff filed the Complaint on July 16, 2013. (Def.'s Mot. 2.) The Complaint alleges that the Defendant negligently manufactured and distributed vinyl asbestos floor tiles that had been installed in the Decedent's home. (Compl., ECF No. 1, Ex. A.) The Complaint asserts that as a result of the Defendant's negligent manufacturing and distribution of the floor tiles containing asbestos, the Decedent perished. On September 6, 2013, Defendant filed a motion for judgment on the pleadings.[1]

---

[1] Plaintiff failed to file opposition to this motion and, as such, the Court considers Defendant's Motion unopposed.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion is the same standard governing motions to dismiss under Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must '[t]ake note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

Under New Jersey law, a wrongful death action "shall be commenced within 2 years after the death of the decedent, and not thereafter[.]" N.J. Stat. Ann. § 2A:31-3; *see Holzsager v. Warburton*, 452 F. Supp. 1267, 1273 (D.N.J. 1978). Here, the Decedent perished on January 13, 2009, and the Complaint was not filed until July 16, 2013. Since the Complaint was filed over four years after the Decedent's death, the suit is out of time and must be dismissed.

For the reasons stated above, and other good cause shown,

**IT IS**, on this 30th day of April, 2014, **ORDERED** that:

1) Defendant's Motion for judgment on the pleadings is granted.

2)   Plaintiff's Complaint is dismissed.

3)   The Clerk shall close this case.


_____s/ Michael A. Shipp_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE